UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Rhonda K. Bowser,

Motion for Return of Seized
Property & To Set Aside
Forfeiture
_____/

Case No. 20-50405
Honorable Linda V. Parker

Related to:

UNITED STATES OF
AMERICA,

      Plaintiff,

v.

D-2 ISAAC DENEL MEEKS,

      Defendant,
_____/

Case No. 10-20388-2
Honorable Linda V. Parker

**OPINION & ORDER DENYING MOTION FOR RETURN OF SEIZED PROPERTY & TO SET ASIDE FORFEITURE (ECF NO. 1)**

On March 12, 2020, Rhonda Bowser sent a letter to this Court requesting the return of property seized ten years ago, on June 7, 2010, from 6722 Garden Drive, Mount Morris, a residence she may have shared with Isaac Denel Meeks, who is currently serving a 181-month imprisonment term for various crimes. (*See* ECF No. 1; *United States v. Meeks*, Case No. 10-20388-2, ECF No. 647.) The Court construes this letter as a motion for return of seized property pursuant to Federal

Rule of Criminal Procedure 41(g) and to set aside forfeiture pursuant to pursuant to 18 U.S.C. § 983.

In her motion, Bowser claims she is the "owner of some, but '**not all**' of the properties that were seized." (ECF No. 1 at Pg. ID 1 (emphasis in original).) Bowser requests the return of the following items:

1. Lock box with key
2. Cash from lock box of $529
3. $1,990 and Chase Bank bag
4. Miscellaneous paperwork to include birth certificates
5. Large TV with remote
6. Watch (Movado) and another watch
7. Pictures, photo albums with pictures
8. PC touchscreen computers
9. Sanyo 50-inch TV

(*Id.*) The Government opposes Bowser's request. (ECF No. 3.) The Court discusses each item in turn.

Regarding Item #4 (Miscellaneous paperwork to include birth certificates), the Government contends that the FBI returned the items listed therein in 2014 and Bowser signed a return receipt acknowledging such. (ECF No. 3 at Pg. ID 19 (citing Ex. 2, ECF No. 3-3).) Bowser does not contest this. Accordingly, the motion is moot as it relates to Item #4.

To the extent that Bowser seeks, pursuant to Rule 41(g), the return of the items in the custody of the Detroit FBI Evidence Storage—Items #1 (Lock box with key), #6 (Watch (Movado) and another watch), #7 (Pictures, photo albums

2

with pictures), and #8 (PC touchscreen computers)—Bowser is not entitled to relief.  "The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (quoting *United States v. Hess*, 982 F.2d 181, 186 (6th Cir. 1992)).  Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by . . . the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized."  However, "the burden is on the moving party to show," by a preponderance of the evidence, "that he or she is entitled to lawful possession of the property."  3A Charles Allen Wright & Sarah N. Welling, Federal Practice and Procedure § 690 (4th ed. 2010); *see also Savoy*, 604 F.3d at 932-33.  Here, Bowser merely alleges that she is the owner of "some" but "not all" of the aforementioned property.  (ECF No. 1 at Pg. ID 1.)  She has failed to show which properties of which she is the "rightful owner."  *Savoy*, 604 F.3d at 932 (citations omitted).

Bowser's claim as to Item #5 (Large TV with remote) and Item #9 (Sanyo 50-inch TV)—which the Government contends were turned over to the Genesee County Sheriff's Office for forfeiture proceedings (ECF No. 3 at Pg. ID 11)—suffers from the same aforementioned deficiency regarding a lack of showing as to

3

the "rightful owner." The Court therefore need not reach the Government's argument concerning whether this Court has jurisdiction as to these televisions.

Item #2 (Cash from lock box of $529) and Item #3 ($1,990 and Chase Bank bag) were forfeited by default judgment in a civil forfeiture case. *United States v. One GMC Envoy*, Case No. 10-14429 (E.D. Mich. closed Aug. 22, 2011). It appears that Bowser brings a motion to set aside this forfeiture pursuant to 18 U.S.C. § 983(e)(1). Under § 983(e)(1), a claimant must show that (i) the Government failed to take reasonable steps to provide her with notice and (ii) she did not know or have reason to know of the seizure within sufficient time to file a timely claim. 18 U.S.C. § 983(e)(1)(A)-(B). Bowser satisfies neither requirement. In fact, the record shows that the Government provided notice to her, among others, of the civil forfeiture proceedings by personal service of the Complaint (Ex. 7, ECF No. 3-8), as well as the Amended Complaint (Ex. 8, ECF No. 3-9): Bowser signed for both. (Ex. 6, ECF No. 3-7; Ex. 7, ECF No. 3-8.) Ultimately, Bowser has failed to allege or show a deficiency in the notice provided.

Accordingly,

**IT IS ORDERED** that the Court **DENIES** Bowser's motion for the return

4

of seized property and to set aside forfeiture (ECF No. 1).

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 31, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 31, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager